

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 28, 1951

Hon. J. C. McEvoy
County Attorney
Waller County
Hempstead, Texas

Opinion No. V-1159

Re: Necessity for a favor-
able county-wide elec-
tion and advertisement
for competitive bids
precedent to contract
by commissioners' court
for the use of a city's
fire fighting equipment.

Dear Sir:

Reference is made to your request in which you ask:

Does the Commissioners' Court of Waller County, Texas have the authority to enter into contracts with the governing body of any city, town or village within said county for the use of the fire trucks and other fire fighting equipment of such city, town or village to be used in said county outside the city limits of such city, town or village?

In the event that question 1 above should be answered in the affirmative, is a majority vote of property owning taxpayers and qualified voters of such county at a county-wide election a condition precedent to the right of such Commissioners' Court to exercise such authority?

Would any contract contemplated by question 1 above be required to be advertised under the provisions of Article 2368a, V.C.S.?

Attorney General's Opinion 0-6160 (1944) answers your first question, and the Commissioners' Court of Waller County may enter into contracts with the governing body of any city or town within the county for the use of the fire trucks and other fire

Hon. J. C. McEvoy, page 2 (V-1159)


fighting equipment of such city or town in the county outside the city limits of such city or town. We are enclosing a copy of the opinion above mentioned.

Article 2351a-1, V.C.S., provides, in part:

"The Commissioners Court in all counties of this State shall be authorized to furnish fire protection and fire fighting equipment to the citizens of such county residing outside the city limits of any city, town, or village within the county and/or adjoining counties. The Commissioners Court shall have the authority to purchase fire trucks and other fire fighting equipment by first advertising and receiving bids thereon, as provided by law. The Commissioners Court of any county of this State shall also have the authority to enter into contracts with any city, town, or village within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the Commissioners Court and the governing body of such city, town, or village, for the use of the fire trucks and other fire fighting equipment of the city, town, or village. . . . Provided, however, that any fire equipment purchased by any County shall be done only by a majority vote of property owning taxpayers and qualified voters of such county at a county-wide election called for such purpose."

It is observed that the above quoted statute requires a county-wide election to be held only when the county is purchasing fire fighting equipment. In the instant case, the county is not purchasing fire fighting equipment but is entering into a contract with incorporated cities in Waller County whereby the county will pay so much money to the cities, and the cities in turn will furnish fire protection to property lying outside the corporate limits of such cities. Since fire fighting equipment is not to be purchased by the county, it is our opinion that a county-wide election is not required to be held before the commissioners' court may enter into contracts inquired about in your first question.

Hon. J. C. McEvoy, page 3  (V-1159)


Section 2 of Article 2368a, V.C.S., provides, in part:

"No county, acting through its Commissioners Court, and no city in this State shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand ($2,000.00) Dollars or more out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids. . . ."

The purpose of Article 2351a-1, V.C.S., is to give fire protection to property lying outside the corporate limits of cities and towns within the county.  In order to accomplish this purpose, Article 2351a-1 authorizes the commissioners' court to enter into a contract with any particular city whereby the county will pay a certain sum of money and the city will furnish fire protection to the people living outside such city limits.  Such a contract could not be required to be let under competitive bids as provided under Article 2368a, because such a requirement would destroy the right of the commissioners' court to contract with any particular city and would limit its power to contract to those cities which were the successful bidders.  To hold that competitive bids are necessary would thwart the very purpose for which Article 2351a-1 was passed, because the successful bidder might be a city far removed from the area which is to receive the protection under the contract.  It is our opinion, therefore, that such contracts made in pursuance to Article 2351a-1 are not within the contemplation of Article 2368a.

## SUMMARY

A county-wide election is not required under the provisions of Article 2351a-1, V.C.S., before the commissioners' court is authorized to make a contract

with cities whereby the county agrees
to pay a sum of money to cities upon
the condition that the cities will give
fire protection to the adjacent terri-
tory outside the corporate limits of
such cities.  Such contracts are not
required to be let under competitive
bids.

APPROVED:                           Yours very truly,

J. C. Davis, Jr.                        PRICE DANIEL
County Affairs Division          Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews               By  *Bruce Allen*
First Assistant                          Bruce Allen
                                               Assistant

BA:mw

Enclosure